**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | § | |
|---|---|---|
| **DEBORAH ANN EDWARDS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:14-cv-818-O |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social** | § | |
| **Security,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued a Report and Recommendation (ECF No. 13) in this case. The Magistrate Judge recommended that the Commissioner's decision be affirmed and the complaint be dismissed with prejudice. R&R, ECF No. 13. Plaintiff filed objections. *See* Pl.'s Obj. R&R, ECF No. 14. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the Report and Recommendation in this case is hereby **ACCEPTED**.

## I.    BACKGROUND

This factual recitation is taken from the Report and Recommendation ("R&R") in this case. Plaintiff protectively filed her applications for benefits on April 14, 2008, alleging disability beginning on May 1, 2006. R&R 1, ECF No. 13. Her applications were denied and, following a hearing, the Administrative Law Judge ("ALJ") found that Edwards was not disabled. *Id.* Edwards

appealed the decision, and the Appeals Council remanded the case for another administrative hearing. *Id.* at 1–2. The second time, the ALJ found that because Plaintiff's age category changed on October 29, 2010, as of that date, and continuing forward through the rest of this case, Edwards was disabled. *Id.* at 2. However, the ALJ found that before October 29, 2010, Edwards was not disabled. *Id.* Edwards is appealing the ALJ's finding of non-disability prior to October 29, 2010. *Id.*

Edwards objects to the R&R on the following grounds: (1) first, Edwards objects that the Magistrate Judge erred in finding that Edwards failed to show prejudicial error given the retrospective nature of her doctor's opinions; (2) second, that the ALJ failed to properly weigh the medical opinion evidence; and (3) third, that the ALJ failed to properly weigh Edwards's credibility. Pl.'s Obj. R&R 1–4, ECF No. 14.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary

2

choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.* § 404.1520a(d)(3).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

3

III.    **ANALYSIS**

In her appeal from the Commission's decision, Edwards argues that the ALJ failed to properly weigh the medical opinion evidence and failed to provide specific reasons for discounting the retrospective opinions from her treating doctor and the non-examining consultant.  Resp. R&R 2, ECF No. 14.  Edwards further objects that the ALJ failed to properly evaluate her credibility.  *Id.* at 3.

The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits.  *Smith v. Chater*, 962 F. Supp. 980, 983 (N.D. Tex. 1997) (Fitzwater, J.).  In this case, the ALJ followed the five-step evaluation process, held a hearing, and considered Edwards's relevant medical records.  Decision, App. 35, ECF No. 12-3.  After reviewing the credible evidence, the ALJ found that prior to October 29, 2010, the date Edwards's age category changed, considering her age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could have performed.  *Id.* at App. 47.  Therefore, the ALJ judge found Edwards was not disabled, as defined in the Social Security Act, for that time period.  *Id.* at App. 48.

A.    **The ALJ's Decision Properly Regarded The Treating Physician's Opinion**.

The ALJ stated two reasons for giving Edwards's primary care physician's, Dr. Bunnell, opinion less than controlling weight.  First, the ALJ reasoned that Dr. Bunnell's opinion appeared to be based on Edwards's subject reporting, rather than upon objective medical findings.  Decision 12, App. 46, ECF No. 8-3.  Second, the ALJ noted that Dr. Bunnell's opinion is dated April 1, 2011, six months after the ALJ determined Edwards to be disabled.  *Id.*  Edwards argues that the ALJ and

the Magistrate Judge erred in failing to consider the retrospective nature of Dr. Bunnell's opinion. Pl.'s Obj. R&R 2, ECF No. 14.

Dr. Bunnell, however, did not complete the question asking "In your best medical opinion, what is the earliest date that the description of symptoms and limitations in this questionnaire applies?"  Multiple Impairment Questionnaire 7, App. 1371, ECF No. 9-4.  Dr. Bunnell's opinion also speaks in a prospective manner, commenting: "Deborah will never be released to work again." *Id.*  Thus, Dr. Bunnell did not expressly give a retrospective opinion, and the Court does not conclude that the ALJ erred in giving his opinion less than controlling weight.  Moreover, the ALJ considered the lay opinion evidence in the record.  *See Likes v. Callahan*, 112 F.3d 189, 190–91 (5th Cir. 1997) (finding that a retrospective opinion corroborated by lay evidence relating back to the claimed period of disability could support a finding of past impairment).

Moreover, substantial evidence including the opinion of a vocational expert supported the ALJ's finding that based on her age, education, work experience, and residual functional capacity, Edwards could find unskilled sedentary jobs in the state and national economy.  Decision 14, App. 47, ECF No. 8-3.  The decision is also supported by the opinions of Dr. Kavitha Reddy, Dr. Frederick Cremona, and Dr. Leela Reddy, each of whom gave opinions on Edwards's residual functional capacity during the period for which the ALJ determined that Edwards was not disabled. In September 2006, Dr. Kavitha Reddy concluded that Edwards could occasionally lift and/or carry 10 pounds, and could stand and/or walk at least 2 hours in an 8-hour work day. RFC Assessment 1–7, App. 539, ECF No. 8-9.  Dr. Kavitha Reddy also opined that the limitations that Edwards alleged were "not fully supported by the [evidence in the record]."  *Id.* at App. 546.

5

These finding are largely consistent with the findings Dr. Frederick Cremona made in July 2008. Dr. Cremona found that Plaintiff could occasionally lift and/or carry 10 points; frequently lift less than 10 pounds; stand and/or walk for a total of at least 2 hours, and more like 4 hours, in an 8-hour workday; and sit about 6 hours in an 8-hour workday. FCR Assessment 1–8, App. 739, ECF No. 8-12. Dr. Cremona similarly concluded that Plaintiff's complaints were "only partially supported by the [evidence in the record]." *Id.* at App. 744.

Finally, Dr. Leela Reddy assessed Edwards's mental impairments and found that Edwards was no more than moderately limited, and in many instances was not significantly limited, in any of the rated categories. Mental FCR Assessment 1–4, App. 735, ECF No. 8-12. Like Dr. Cremona and Dr. Kavitha Reddy, Dr. Leela Reddy concluded that Edwards's complaints were "not wholly supported by the [evidence in the record]." *Id.* at App. 737. These findings are recited almost verbatim in the ALJ's decision. Decision 12, ECF No. 8-3.

This evidence rises above a mere scintilla and there is not a conspicuous absence of credible evidence to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The ALJ applied to proper legal standards in weighing the treating physician's opinion, and his decision is supported by substantial evidence provided by the state agency medical consultants. Thus, Dennis's objection is **OVERRULED**.

## B.     The ALJ Properly Considered Edwards's Credibility.

Next, Edwards contends that the ALJ failed to properly evaluate Edwards's credibility. Pl.'s Obj. R&R 3, ECF No. 14. Edwards argues that the only evidence that contradicts her allegations are the facts that she participated in a craft show, took a "mini-vacation," painted, and took trips to visit her sick mother. *Id.* at 3. Edwards arguments ignore the findings of Drs. Cremona, Kavitha Reddy,

6

and Leela Reddy that Edwards's subjective allegations were not wholly supported by the record. The vocational expert's testimony also supports a finding of "not disabled." Decision 14, App. 48, ECF No. 803. Moreover, the ALJ held a hearing and was able to observe Edwards. The reviewing Court is not in a position to re-weigh the evidence, try the issues, or substitute its own judgment. *Greenspan v. Shalala*, 38 F.2d 232, 236 (5th Cir. 1994). Accordingly, Edwards's objection is **OVERRULED** and the R&R of the Magistrate Judge is **ADOPTED**.

## IV.   CONCLUSION

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED** and the Plaintiff's case is **DISMISSED**.

**SO ORDERED** on this **9th day** of **March, 2016.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**